## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **RIDGECREST ESTATES, L.P.,** | ) | **Case No. 13-49315-399** |
| | ) | **Chapter 11** |
| Debtor. | ) | **Honorable Barry S. Schermer** |
| | ) | |
| | ) | |
| _____ | )_____ | |
| | ) | |
| IN RE: | ) | **Case No. 13-49315-399** |
| | ) | **Chapter 11** |
| **LOST TREE SOUTH, L.P.,** | ) | **Honorable Barry S. Schermer** |
| | ) | |
| Debtor. | ) | |
| | ) | **Hearing Date:  October 15, 2013** |
| | ) | **Hearing Time: 9:30 a.m.** |

### MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF DEBTORS' CHAPTER 11 CASES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015 AND RULE 1015 OF THE LOCAL BANKRUPTCY RULES

**TO THE UNITED STATES BANKRUPTCY JUDGE:**

**COME NOW**, Lost Tree South, L.P. ("**Lost Tree**") and Ridgecrest Estates, L.P. ("**Ridgecrest**" and with Lost Tree, "**Debtors**"), debtors and debtors-in-possession in the above-styled and numbered causes, and file this their *Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Pursuant to Federal Rule of Bankruptcy Procedure 1015 and Rule 1015 of the Local Bankruptcy Rules* (the "**Motion**"), and in support thereof, represents as follows:

### I.   JURISDICTION AND VENUE

1.      The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 1334 and 157. These matters concern the administration of these bankruptcy estates; accordingly, these are

core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A). The predicate for the relief requested in this Motion is Federal Rule of Bankruptcy Procedure 1015 and L.R. 1015.

## II. BACKGROUND

2.      Lost Tree is a limited partnership organized under the laws of the State of Missouri. Lost Tree owns an apartment complex located in the Branson, Missouri area which provides affordable housing to low and middle income individuals.

3.      Ridgecrest is a limited partnership organized under the laws of the State of Missouri. Ridgecrest owns an apartment complex located in the Branson, Missouri area which provides affordable housing to low and middle income individuals.

4.      Debtors have separate general partners, but the managing member of each general partner, and the person who signed the petitions, is the same person, John Harpole. John Harpole is an affiliate of both Debtors because he indirectly controls both Debtors as the managing member of each Debtor's general partner.

5.      Initial construction of both Lost Tree's and Ridgecrest's respective apartment complexes was financed in part through the sale of tax-beneficial bonds. U.S. Bank National Association ("**U.S. Bank**") is the owner and/or indenture trustee of Lost Tree's and Ridgecrest's bonds. Pre-petition, on July 11, 2013, Yarco Company, Inc. (the "**Receiver**") was appointed as receiver of the "Property" and "Associated Property," as defined in the applicable orders, of the Debtors by the 38th Judicial Circuit Court for the State of Missouri.

6.      On October 11, 2013, (the "**Petition Date**") Debtors commenced these reorganization cases by filing separate voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

1377986v1                                                                                              **PAGE 2 OF 6**

7.      No creditors' committees have been appointed in these cases by the United States Trustee and Debtors continue in possession of their property and operation of their businesses pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## III. RELIEF REQUESED AND ARGUMENT

8.      By this Motion, Debtors respectfully request entry of an order authorizing the joint administration of their Chapter 11 cases.

9.      This Court may order the joint administration of the estates of a debtor and an affiliate. *See* Fed. R. Bankr. P. 1015(b).  Bankruptcy Rule 1015(b) provides, in relevant part, that "if ...two or more petitions are pending in the same court by...a debtor and an affiliate, the court may order a joint administration of the estates."

10.      Debtors in this case are affiliates as that term is defined in Section 101(2) of the Bankruptcy Code.

11.      Joint administration of Debtors' cases is appropriate in this case because joint administration of these cases, including the combining of notices to creditors of the respective estates, as well as the notices and hearings of all matters at the same time, including without limitation, motions and adversary proceedings, will promote economical, efficient and convenient  administration of Debtors' estates.  With multiple Debtors, each with its own case docket, the failure to jointly administer these cases would result in duplicative pleadings being filed. Such duplication of substantially identical documents would be wasteful and would unnecessarily burden the Clerk of the Court.

12.      The rights of each of Debtor will not be adversely affected by joint administration of these cases.  Joint administration will not affect substantive rights and nothing set forth herein should be deemed to be a request for substantive consolidation of Debtors' Chapter 11 cases.  To

the extent that proofs of claim are required to be filed, each creditor will be entitled to file a claim against the particular estate that owes it money, unless substantive consolidation is requested and granted.  Finally, joint supervision of the administrative aspects of the Chapter 11 cases by the Court and the Office of the United States Trustee will be simplified.

13.    Debtors further request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

| | |
|---|---|
| **IN THE UNITED STATES BANKRUPTCY COURT** | |
| **FOR THE EASTERN DISTRICT OF MISSOURI** | |
| **EASTERN DIVISION** | |
| **In re:**                                    ) | |
|                                               ) | |
| **RIDGECREST ESTATES, L.P.,**          )          **CASE NO. 13-49315-399** | |
| **et al,**                                    )          **Chapter 11** | |
|                                               )          **Honorable Barry S. Schermer** | |
|     **DEBTORS.**                       )          **Jointly Administered** | |

14.    Debtors submit that the use of the simplified caption will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

15.    Debtors request that the consolidated master mailing list attached hereto as Exhibit "A"[1] be used for future noticing requirements with the inclusion of all notices of appearance filed herein or filed hereinafter in the Chapter 11 cases.

16.    Finally, Debtors request that a docket entry reflecting the joint administration, in the form of that contained in the proposed order accompanying this Motion be made in each of Debtors' cases.

---

[1] Exhibit "A" will be supplemented.  Debtors were unable to secure all of this data prior to filing this Motion due to transactional difficulties and issues with the Receiver.

17.     For these reasons, Debtors believe that the joint administration of their cases is warranted, will ease the administrative burden for the Court and the parties and protects creditors of the different estates against potential conflicts of interest.

18.     Debtors are not aware of an administrative or scheduling order that might require modification as a result of the requested joint administration.

19.     In summary, Debtors request that their cases be jointly administered for procedural purposes to the extent of the following:

    a.     One docket shall be maintained for Debtors' cases, under the case number assigned to Ridgecrest Estates, L.P.;

    b.     All pleadings, orders and other papers filed shall be captioned with the style set forth above in paragraph 13;

    c.     The United States Trustee shall conduct joint informal meetings with Debtors, if required, and a joint first meeting of creditors;

    d.     Each Debtor shall file separate Schedules of Assets and Liabilities, Statements of Financial Affairs and, as applicable, Lists of Equity Security Holders;

    e.     Proofs of claim filed by creditors of any Debtor shall reflect the style and case number of the Debtor to which the claim relates and in which case such claim is to be filed;

    f.     Separate claims registers shall be maintained for each Debtor; and

    g.     One consolidated monthly operating report shall be filed for both Debtors.

**WHEREFORE**, Debtors respectfully request this Court to enter an order granting the relief requested herein and granting such other and further relief as may be just and proper.

Dated:  October 11, 2013.

Respectfully submitted by,

*//s// Brian J. LaFlamme*_____
DAVID A. SOSNE #28365MO
BRIAN J. LAFLAMME #49776MO
**SUMMERS COMPTON WELLS LLC**
8909 Ladue Road
St. Louis, Missouri  63124
Telephone: (314) 991-4999
Facsimile: (314) 991-2413
Email: dasattymo@summerscomptonwells.com
Email: blaflamme@summerscomptonwells.com

//s// *E. P. Keiffer*_____
E. P. Keiffer (TX Bar No. 11181700) (*pro hac vice* pending)
Shane A. Lynch (TX Bar No. 24065656) (*pro hac vice* pending)
**WRIGHT GINSBERG BRUSILOW P.C.**
325 N. St. Paul Street, Suite 4150
Dallas, Texas 75201
Telephone:  (214) 651-6500
Facsimile:  (214) 744-2615
Email: pkeiffer@wgblawfirm.com
Email: slynch@wgblawfirm.com

**PROPOSED ATTORNEY FOR DEBTORS**