**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **RIDGECREST ESTATES, L.P.,** | ) | **Case No. 13-49315** |
| | ) | **Chapter 11** |
| Debtor. | ) | **Honorable Barry S. Schermer** |
| _____ | )_____ | |
| | ) | |
| IN RE: | ) | **Case No. 13-49316** |
| | ) | **Chapter 11** |
| **LOST TREE SOUTH, L.P.,** | ) | **Honorable Barry S. Schermer** |
| | ) | |
| Debtor. | ) | **Hearing Date:  October 15, 2013** |
| | ) | **Hearing Time:  9:30 a.m.** |

<u>**MOTION FOR ORDER AUTHORIZING POST-PETITION FINANCING**</u>

**COME NOW**, Lost Tree South, L.P. ("**Lost Tree**") and Ridgecrest Estates, L.P. ("**Ridgecrest**" and with Lost Tree, "**Debtors**"),[1] who file this *Motion for Order Authorizing Post-Petition Financing* (the "**Motion**") by which they seek authority to obtain debtor-in-possession financing by means of a loan from WNC Institutional Tax Credit Fund XXIII, L.P. ("**WNC XXIII**") for Ridge Crest and WNC Institutional Tax Credit Fund 33, L.P. ("**WNC 33**") for Lost Tree[2] and in support thereof would represent as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b) and the standing order of reference of the District Court.  This matter is a core proceeding pursuant to 28

---

[1] Debtors have filed a *Motion for Joint Administration*.

[2] WNC XXIII is Ridgecrest's limited partner and WNC 33 is Lost Tree's limited partner.

U.S.C. §157(b)(2).  The statutory predicates for relief are section 364 and 503 of the United States Bankruptcy Code.[3]

<u>BACKGROUND</u>

2.      On October 11, 2013, Debtors filed their voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "**Petition Date**"). Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No creditors' committees have been appointed in these cases.

3.      Lost Tree is a limited partnership organized under the laws of the State of Missouri. Lost Tree owns an apartment complex (the "**Lost Tree Apartments**") located in the Branson, Missouri area which provides affordable housing to low and middle income individuals.

4.      Ridgecrest is a limited partnership organized under the laws of the State of Missouri. Ridgecrest owns an apartment complex (the "**Ridgecrest Apartments**" and with the Lost Tree Apartments, the "**Apartments**") located in the Branson, Missouri area which provides affordable housing to low and middle income individuals.

5.      Initial construction of the Apartments was financed in part through the sale of tax-beneficial bonds (the "**Bonds**"). U.S. Bank National Association ("**U.S. Bank**") is the owner and indenture trustee of both Debtors' bonds. On July 11, 2013, at the request of U.S. Bank, Yarco Company, Inc. (the "**Receiver**") was appointed as receiver of the "Property" and "Associated Property" of the Debtors, as defined in the applicable orders, by the 38th Judicial Circuit Court for the State of Missouri.

---

[3] 11 U.S.C. §§ 101 *et seq* (the "**Code**").

6.      U.S. Bank, as owner and indenture trustee of the Bonds, asserts a first priority perfected security interests in all of Debtors' property including the Lost Tree Apartments, Ridgecrest Apartments and the cash collateral of both Debtors pursuant to a *Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing* that was executed by each Debtor. Lost Tree Condominium, Inc. ("**LTC**"), a likely affiliate or insider of Debtors, asserts a second priority lien and security interest on Lost Tree's Property including, *inter alia*, the Lost Tree Apartments and Lost Tree's cash collateral pursuant to a deed of trust. Debtors assert that U.S. Bank and LTC are undersecured.

7.      On the Petition Date, Debtors filed their *Emergency Motion to Compel Compliance with Code § 543(b)* (the "**543 Motion**"), by which they asked the Court to compel the Receiver to turnover all of Debtors' property in its possession to Debtors' general partners. Debtors anticipate that the Receiver will contest the 543 motion and will ask that it be excused from complying with Code § 543(b). Debtors filed their *Motion for Interim and Final Orders Authorizing Use of Cash Collateral and Granting Adequate Protection* (the "**Cash Collateral Motion**"), by which they asked the Court to authorize their use of U.S. Bank's and LTC's cash collateral. Debtors anticipate that U.S. Bank will contest the Cash Collateral Motion.

8.      Debtors require immediate post-petition access to cash in order to meet their short term post-petition obligations and they must have a reserve so that they can address any health and safety issues (broken pipes, dead light bulbs in the parking lots, etc.) that may arise before the Court rules on the 543 Motion and Cash Collateral Motion, if they are contested. Ridgecrest has secured the agreement of WNC XXIII to make a $25,000 loan to Ridgecrest, and Lost Tree has secured the agreement of WNC 33 to make a $25,000 loan Lost Tree so that they can cover their short term post-petition obligations and have a reserve to address any health and safety

concerns that may arise during that interim period (the "**WNC Loan Agreements**").

<u>**RELIEF REQUESTED**</u>

9.      The WNC Loan Agreements provide that each Debtor can incur up to $25,000 in debt to cover their short term obligations post-petition and any health and safety issues that may arise prior to turnover of their assets by the Receiver and their securing authority use (and collecting sufficient) cash collateral. As security for the loan that WNC XXIII makes to Ridgecrest, and for all other advances that it may make to Ridgecrest, WNC XXIII shall have an allowable claim under section 503(b)(1) of the Bankruptcy Code as an administrative expense pursuant to section 364(a) or (b) of the Code for the actual amount that it loans to Ridgecrest. As security for the loan that WNC 33 makes to Lost Tree, and for all other advances that it may make to Lost Tree, WNC 33 shall have an allowable claim under section 503(b)(1) of the Bankruptcy Code as an administrative expense pursuant to section 364(a) or (b) of the Code for the actual amount that it loans to Ridgecrest.

10.     Debtors are unable to obtain the required cash and working capital in the form of unsecured debt, or unsecured debt having the priority afforded by section 364 of the Bankruptcy Code on equal or more favorable terms than those set forth in the WNC Loan Agreements.  New credit in the amount provided in the WNC Loan Agreements is not available to Debtors without providing WNC XXIII (for Ridgecrest) and WNC 33 (for Lost Tree) an allowed priority claim under section 503(b)(1) of the Bankruptcy Code.  Attached hereto as <u>Exhibit "A"</u> are true and correct copy of the proposed WNC Loan Agreements.

11.     The WNC Loan Agreements have been negotiated in good faith and <u>at arm's length</u> among Ridgecrest and WNC XXIII and Lost Tree and WNC 33. The terms of such financing arrangements are fair and reasonable under the circumstances, reflect Debtors' exercise

of prudent business judgment consistent with their fiduciary duties and are supported by reasonably equivalent value and fair consideration.

12.     The incurrence of new indebtedness under the conditions set forth herein is vital to the preservation and maintenance of the going concern value of the Debtors' assets and for the health and safety of Debtors' tenants.

13.     Debtors and their estates will receive substantial direct and indirect benefits by reason of the financial accommodation to be provided in the proposed WMC Loan Agreements. Consummation of the financing arrangements set forth therein is in the best interest of Debtors' estates.

14.     U.S. Bank and LTC have received advanced notice of the relief sought by this Motion.  LTC consents to the relief requested herein, and U.S. Bank has not responded, but Debtors anticipate that U.S. Bank will oppose the relief sought herein.

15.     The provisions of the order authorizing the WNC Loan Agreements are also sought to be binding upon and inure to the benefit of each of WNC XXIII, WNC 33, Ridgecrest, Lost Tree, and their successors and assigns (including any chapter 7 or chapter 11 trustee hereafter appointed or elected for any Debtor's estate, any examiner appointed pursuant to section Code § 1104, and any other fiduciary hereafter appointed as a legal representative of Debtors or with respect to the property of Debtors' estate).

16.     Accordingly, pursuant to Code § 364 and in accordance with Federal Rule of Bankruptcy Procedure 4001(c), Debtors request that this Court approve the WNC Loan Agreements.

**WHEREFORE**, Debtors request that the Court, after notice and hearing, grant the relief requested herein, authorizing Ridgecrest to borrow $25,000.00  from WNC XXIII and Lost Tree

to borrow $25,000 for WNC 33 under the WNC Loan Agreements as a post-petition indebtedness for the purposes set forth herein, grant the protections referenced herein and grant such other further or relief as is just and equitable.

**DATED**: October 11, 2013.

Respectfully submitted by,

*//s// Brian J. LaFlamme*
DAVID A. SOSNE #28365MO
BRIAN J. LAFLAMME #49776MO
**SUMMERS COMPTON WELLS LLC**
8909 Ladue Road
St. Louis, Missouri  63124
Telephone: (314) 991-4999
Facsimile: (314) 991-2413
Email: dasattymo@summerscomptonwells.com
Email: blaflamme@summerscomptonwells.com

*//s// E. P. Keiffer*
E. P. Keiffer (TX Bar No. 11181700) (*pro hac vice* pending)
Shane A. Lynch (TX Bar No. 24065656) (*pro hac vice* pending)
**WRIGHT GINSBERG BRUSILOW P.C.**
325 N. St. Paul Street, Suite 4150
Dallas, Texas 75201
Telephone:  (214) 651-6500
Facsimile:  (214) 744-2615
Email: pkeiffer@wgblawfirm.com
Email: slynch@wgblawfirm.com

**PROPOSED ATTORNEYS FOR DEBTORS**